IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00125-PSF-BNB

POSTNET INTERNATIONAL FRANCHISE CORPORATION,

Plaintiff,

v.

AMERCIS INTERNATIONAL, INC.,
VICTORIA KOPUNEK, and
THOMAS KOPUNEK,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Motion to Strike Demand for Trial By Jury** [Doc. # 33, filed 5/8/06] (the "Motion"). I held a hearing on the Motion on June 15, 2006, and took the matter under advisement. I now GRANT the Motion with respect to defendant Amercis International, Inc. ("Amercis"), striking its jury demand, but DENY the Motion with respect to defendants Victoria and Thomas Kopunek (the "Kopuneks").

The right to a jury trial in the federal courts is governed by federal law. Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835, 837 (10th Cir. 1988). Similarly, the question of whether a party has waived its right to a jury trial also is a question of federal law. Allyn v. Western United Life Assurance Co., 347 F. Supp. 2d 1246, 1251 (M.D. Fla. 2004).

The right to a jury trial "may be waived by a contract knowingly and voluntarily executed." Phoenix Leasing Inc. v. Sure Broadcasting, Inc., 843 F. Supp. 1379, 1384 (D. Nev. 1994). "Agreements waiving the right to trial by jury are neither illegal nor contrary to public

policy." Telum, 859 F.2d at 837.  Although I am not aware of any decision by the Tenth Circuit Court of Appeals on the question, most federal courts addressing the issue of the voluntary and knowing waiver of a jury trial have placed the burden on the party seeking to enforce the waiver. Phoenix Leasing, 843 F. Supp. at 1384.

The test to be applied in determining the validity of a contractual jury waiver has been stated as follows:

> Where a jury trial waiver is claimed under a contract executed before litigation, it must be shown that the waiver was assented to knowingly, voluntarily, and intelligently.
> \* \* \*
> Courts consider a number of factors when determining whether a contractual jury trial waiver was entered into knowingly, voluntarily, and intelligently.  Those factors include: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel.  Although the factors play an important role in the Court's decision-making process, it is not whether any particular number of factors have been satisfied, but whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair.

Allyn, 347 F. Supp. 2d 1246, 1251-52.

This case involves the enforcement of rights associated with a Franchise Agreement between PostNet as franchisor and Amercis as franchisee.  Also at issue is a Guarantee of the Franchise Agreement between Postnet and the Kopuneks.

The Franchise Agreement defines Amercis as the "Store Owner" and contains the following waiver of the right to a jury trial:

> PostNet and Store Owner irrevocably waive trial by jury in any
> action, proceeding, or counterclaim whether at law or in equity,
> brought by either of them against the other, whether or not there
> are other parties in such action of proceeding.

Franchise Agreement [Doc. # 2-5, filed 1/25/06] at ¶23.7. The Franchise Agreement is 34 pages long and contains 24 numbered sections, many of which have subparts. The jury trial waiver is contained in section 23 of the Franchise Agreement, on the thirty-third page of the contract. Section 23 of the Franchise Agreement is captioned "APPLICABLE LAW," and contains seven subparts. The jury waiver is contained in the seventh (and last) of the subparts, in the same typeface as the rest of the contract. It is not capitalized, bolded, italicized, or otherwise highlighted.

The Kopuneks entered into a Guarantee, by which they personally guaranteed performance of the Franchise Agreement. Guarantee [Doc. # 2-7, filed 1/25/07]. PostNet relies on paragraph 7 of the Guarantee as constituting a waiver by the Kopuneks of their right to a jury trial on those claims asserted personally against them under the Guarantee. Paragraph 7 of the Guarantee states:

> The provisions of Section 23 of the Franchise Agreement shall
> apply as to any interpretation or enforcement of this Guarantee, and
> the provisions of Section 20 of the Franchise Agreement shall apply
> to any notice to either party, except that notice to Guarantors shall
> be sent to the address(es) set forth below beneath each Guarantor's
> signature.

The Guarantee is two pages long and contains seven paragraphs. Paragraph 7 of the Guarantee (containing the alleged jury waiver) is the final paragraph, positioned immediately above the signature block. The Guarantee is signed by Mr. and Mrs. Kopunek. The paragraphs of the

Guarantee are not captioned. Paragraph 7 is in the same typeface as the rest of the Guarantee, and is not capitalized, bolded, italicized, or otherwise highlighted.

The following additional facts, relevant to the issue of the knowing and voluntary nature of the jury trial waiver, are not disputed:

(1)   The waiver clause was not negotiated by the parties, and PostNet would not have engaged in any negotiation of the jury waiver clause;

(2)   Thomas Kopunek, as president of Amercis, signed a Franchisee Compliance Certification [Doc. # 39 (Exh.C), filed 6/12/06] in which he acknowledged that he: (a) had "received and personally reviewed the Franchise Agreement"; and (b) "understood all of the information contained in the Franchise Agreement"; and

(3)   The Kopuneks did not consult with an attorney, accountant, or other professional advisor prior to entering into the Franchise Agreement and Guarantee, although they had the opportunity to do so.

I find that the jury waiver clause contained in the Franchise Agreement between PostNet and Amercis was knowingly and voluntarily accepted and should be enforced. The clause is as conspicuous as every other clause in the contract. I reject the suggestion that a term of a contract is not conspicuous merely because it is contained on the next to last page of the contract; is not in a distinctive typeface; or does not have a particularized caption summarizing its content.

Amercis was an ongoing business at the time it entered into the Franchise Agreement, and its principals[1] were sufficiently sophisticated to understand the meaning of the Franchise

---

[1] Thomas Kopunek is the president of Amercis, and Victoria Kopunek is the vice president of Amercis. Franchise Agreement at p.34.

Agreement, including the jury waiver clause.  In this regard, Amercis' president, Thomas Kopunek, acknowledged through the Franchisee Compliance Certification that he had reviewed and that he understood the Franchise Agreement.

Although the jury waiver clause was not subject to negotiation, Amercis was free to reject the Franchise Agreement and to decline to become a PostNet franchisee.  A contract clause is not unenforceable merely because one party to the contract insists on it.

Amercis and its principals were not represented by counsel in connection with entering into the Franchise Agreement, although they could have been.  In any event, the jury waiver clause is clear and easy to understand.

In short, Amercis knowingly entered into the Franchise Agreement.  The Franchise Agreement contains a conspicuous clause by which both parties "irrevocably waive[d] trial by jury in any action, proceeding, or counterclaim . . . brought by either of them against the other. . . ."  The jury waiver clause is clear, unambiguous, and easy to understand.  Amercis was an ongoing business concern with sophisticated principals which could have rejected the Franchise Agreement if it found any part of it to be unacceptable.  Under these facts, I cannot say that the jury waiver clause in the Franchise Agreement is unconscionable, contrary to public policy, or unfair.  See Allyn, 347 F. Supp. 2d at 1252.

The Guarantee, by contrast, does not contain a jury waiver by the Kopuneks.  The clause upon which PostNet relies as constituting a jury waiver--paragraph 7-- states merely that "[t]he provisions of Section 23 of the Franchise Agreement shall apply as to any interpretation or enforcement of this Guarantee."  Guarantee at ¶7.  Section 23 of the Franchise Agreement contains a jury waiver by the Store Owner, which is Amercis.  Nowhere in either the Guarantee or

in the Franchise Agreement is there a waiver of the jury right by the Kopuneks.

Even if paragraph 7 of the Guarantee could be read to constitute a jury waiver by the Kopuneks, and it cannot be, such a waiver is not conspicuous. Instead of conspicuously and directly stating in the Guarantee that the Kopuneks are waiving there right to a jury, PostNet argues that the Guarantee imposes that clause by an indirect reference to the Franchise Agreement. Incorporation of the jury waiver clause by reference is not sufficiently conspicuous to be enforced.

IT IS ORDERED that the Motion is GRANTED with respect to defendant Amercis. The jury demand by Amercis is stricken.[2]

IT IS FURTHER ORDERED that the Motion is DENIED with respect to defendants Victoria and Thomas Kopunek. The claims by and against the Kopuneks which are triable to a jury shall be so tried.

Dated June 26, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[2] I do not address the ability of the trial judge to empanel an advisory jury in connection with the claims by and against Amercis. Fed. R. Civ. P. 39(c).